UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10365-GAO

UNITED STATES OF AMERICA

v.

STEVEN P. SABLE,
Defendant.

OPINION AND ORDER
January 10, 2013

O'TOOLE, D.J.

On September 15, 2009, the petitioner, Steven P. Sable plead guilty to eight counts of mail fraud in violation of 18 U.S.C. § 1341, three counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) & 78ff, and one count of monetary transaction in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957. Mr. Sable was sentenced to thirty seven months imprisonment followed by three years of supervised release and restitution. No appeal was taken. Mr. Sable now moves this court to vacate his sentence pursuant to 28 U.S.C. § 2255.

Postconviction relief pursuant to § 2255 is an extraordinary remedy that is available only if the petitioner can demonstrate a sufficient showing of fundamental unfairness. Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Mr. Sable asks the court to vacate his sentence based upon what he believes was ineffective assistance of counsel during the sentencing phase. In order to succeed on this claim petitioner must show that counsel's performance was so deficient as to fall below an objective standard of reasonableness and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 688 (1984).

Mr. Sable puts forth three arguments in an attempt to demonstrate the deficiency of his counsel. Each argument lacks factual merit and is directly contradicted by the record. Mr. Sable first argues that counsel was ineffective for failing to seek a downward departure based on his health status. (Pet'r's Mem. at 5.) This claim is unsupported by the record. Mr. Sable's counsel presented to the court a sentencing memorandum under seal that extensively detailed the petitioner's medical conditions and for those reasons requested a below-guidelines sentence of home confinement. (dkt. no. 100)

Mr. Sable next claims that counsel was ineffective for failing to show that the BOP treatment plan was deficient. This claim is unsupported by the record. Defense counsel spent considerable time in the sentencing memorandum challenging the BOP's ability to properly treat Mr. Sable. (dkt. no. 100). Mr. Sable also claims that counsel was ineffective for failing to produce medical experts to testify at sentencing about his medical conditions. Again, this claim is unsupported by the record. Defense counsel attached to defendant's sentencing memorandum several letters from Mr. Sable's doctors along with an extensive medical history. (dkt. no. 100). Counsel made the Court well aware of Mr. Sable's medical conditions and the Court did take his medical status into consideration during sentencing. (dkt. no. 126 at 29-30). There is no indication that having the doctors testify in person would have had any greater impact then what defense counsel had already put before the court. Mr. Sable cannot show that his counsel was ineffective in this case.

Finally, Mr. Sable also seeks "compassionate release" based on inadequate medical treatment in prison. This argument is not properly before this court[1] and is otherwise moot[2].

For the reasons set forth herein, Mr. Sable's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 121) is DENIED.

Because the movant has not "made a substantial showing of the denial of a constitutional right" see 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] 28 U.S.C. § 2241 would be the proper vehicle to challenge the conditions of confinement and the proper venue would be the jurisdiction in which the defendant is confined.
[2] Mr. Sable was scheduled to be released from prison on December 25, 2011.